UNTEREINER v. CAMORS et al. (two cases).

In re A. LE MORE & CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 19, 1916. Rehearing Denied February 21, 1916.)

Nos. 2790, 2803.

1. BANKRUPTCY ⬤=265—SALES OF PROPERTY—RIGHTS OF BIDDERS.

Trustees in bankruptcy petitioned for and were granted by the referee authority to offer real estate at auction, adjudications to be made at such prices as they might determine, not less than three-fourths of the appraised value. The advertisement of sale referred to the order and stated that the sale was subject to confirmation by the referee, and the auctioneer read the advertisement including such provision before offering the property. A bid of more than three-fourths of the appraised value, but less than the amount which the trustees had told the auctioneer they would accept, was made, and the auctioneer made no adjudication, and refused to accept a deposit, but had the bidder sign an agreement to make such deposit, in order that he might be held if the trustees decided to accept the bid. They, however, declined to do so. *Held*, that the bidder acquired no legal rights in the bid, as no adjudication was made, and the trustees were vested with ample discretion to reject the bid as a private offer, and hence the referee acted within his authority and discretion in declining to compel a transfer of the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 367; Dec. Dig. ⬤=265.]

2. BANKRUPTCY ⬤=440—REVIEW OF PROCEEDINGS—PROPER MODE OF REVIEW.

Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (Comp. St. 1913, § 9609), provides that appeals as in equity cases may be taken in bankruptcy proceedings from judgments adjudging or refusing to adjudge the defendant a bankrupt, granting or denying a discharge, or allowing or

rejecting a debt or claim of $500 or over. A rule to compel trustees to convey real estate to the highest bidder at an auction sale was dismissed by the referee, and his action was sustained by an order of the District Court. *Held*, that no appeal lay from this order, as the matters sought to be reviewed were ordinary steps in bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⊕==410.]

Appeal from, and Petition to Superintend and Revise Order of, the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

In the matter of A. Le More & Co. and others, bankrupts. The dismissal of a rule to compel Frederic Camors and others, trustees, to convey real estate to George J. Untereiner, the highest bidder at an auction sale, was sustained by an order of the District Court, and said Untereiner appeals and files a petition to revise. Appeal dismissed, and petition to revise denied.

Geo. J. Untereiner, of New Orleans, La., for appellant.

J. Blanc Monroe, Monte M. Lemann, and D. B. H. Chaffe, all of New Orleans, La., for appellees.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

PER CURIAM. No. 2790 is an appeal from an order of the District Court sustaining the referee in a certain sale of bankrupt estate, and No. 2863 is a petition to revise in matters of law the same order of the District Court.

[1] The facts as found in the written opinion by the District Judge are as follows:

"In this matter it appears that the trustees filed a petition with the referee, asking the authority to have certain real estate offered at public auction by Robert G. Guerard, adjudications to be made at such prices as they might determine, not less than three-fourths of the appraised value, and authority to do so was granted. In accordance therewith a number of pieces of property were then advertised for sale. The advertisement referred to the order and stated plainly that the sale was subject to confirmation by Hon. William A. Bell, referee in bankruptcy. Before offering any of the property the auctioneer read the advertisement in full, and particularly the clause above referred to. The trustees had previously advised the auctioneer of the minimum prices they could accept. When the particular property here in controversy was offered, there was no bid equaling the price fixed by the trustees; but mover in rule, Mr. Untereiner, was the last and highest bidder, at a price exceeding three-fourths of the appraised value. The trustees declined to make title, and a rule to compel them to do so was dismissed by the referee. Mr. Untereiner contends that the property was adjudicated to him, and, as the price exceeded three-fourths of the appraised value, title vested.

"Conceding that this would be so under ordinary circumstances, and that the referee could only withhold his approval because of gross inadequacy of price, which does not appear from the record, in this case there was no adjudication. There is evidence that the auctioneer cried the property in the usual way, and it may have appeared to the disinterested onlookers that an adjudication was made, but the auctioneer testifies that he made no adjudication, and Mr. Untereiner, being a lawyer, could not have been mistaken with regard to this, as the auctioneer declined to receive any deposit on account of the sale, and Mr. Untereiner signed a card of the following tenor:

" 'I have this day bid $12,250 for the property No. 1304 Carrollton avenue, and will immediately deposit with the auctioneer 10 per cent. on account of the purchase price, all in accordance with judicial advertisement in Times-Picayune this date.    [Signed]    George J. Untereiner.'

"The object of this card was to hold Mr. Untereiner to the bid in case the trustees decided to accept it. When they declined, the matter was ended. In my opinion, Mr. Untereiner acquired no legal rights by his bid, as no adjudication was made, and the trustees were vested with ample discretion to reject the bid as a private offer. The referee has acted well within his authority and with sound discretion in declining to order the transfer.

"The point was made in argument that the referee declined to admit evidence of other and better offers after the property was offered at auction. The evidence should have been admitted as the court, in preparing to exercise its discretion, was entitled to all the light on the subject that was obtainable. However, in this instance, it has had no effect upon the outcome of the case.

"The order appealed from will be affirmed."

[2] The matters sought to be reviewed here are clearly ordinary steps in bankruptcy proceedings, and no appeal lies therefrom. See section 25a, Bankruptcy Law 1898.

In considering the petition to revise, we are concluded by the facts in the case, and on the facts and for the reasons given by the District Judge there was no error of law.

It follows that the appeal, No. 2790, must be dismissed, and the petition to revise, No. 2863, denied; and it is so ordered.